ISIDOR POLOW, APPELLANT, v. MICHAEL SILVERMAN ET UX., RESPONDENTS.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Fast & Fast.*

For the respondent, *Meyer M. Semel.*

The opinion of the court was delivered by

BLACK, J. The appellant by this appeal seeks to reverse a directed verdict in favor of the defendants. The suit was brought to recover on an oral promise, a real estate broker's commission of one thousand dollars ($1,000). It is alleged in the complaint, that on the 23d day of May, 1927, the defendants engaged the services of the plaintiff to sell their property known as Nos. 177 to 183 Hillside avenue, Newark, New Jersey, for the sum of sixty thousand dollars ($60,000). The premises were sold through the plaintiff. On May 25th, 1927, a notice under *Pamph. L.* 1918, *p.* 1020, was served upon the defendants in pursuance of the oral agreement made on Monday, the 23d day of May, 1927, setting forth the terms of such oral agreement, viz., the plaintiff was to receive a commission of $1,000, &c. The trial resulted in a directed verdict in favor of the defendants. This ruling of the trial court is the ground of appeal, alleged as error.

The trial court felt bound by and directed the verdict under the case of *Casale* v. *Gash,* 104 *N. J. L.* 21. That decision was in the Supreme Court. But we think the construction of the statute made by the Supreme Court was the proper one and we concur in the conclusion of that case. The basis of the decision in the case was, the notice to be given by a broker, who shall actually effect the sale pursuant to such oral agreement, to the owner, must be served sometime "before the same [*i. e.,* the sale] shall have been terminated by such owner." Notice given thereafter will not satisfy the statute, as the notice in this case was not given until thereafter, it was not error for the trial court to direct a verdict in favor of the defendants.

The testimony shows that the first communication between the parties in reference to the sale of the property was on Saturday, May 21st, 1927, when the defendant Mrs. Anna Silverman called the plaintiff. On Monday, May 23d, the plaintiff came to Mr. Silverman. He said: "I got a purchaser" who is willing to pay the price asked, viz., $60,000— and then Silverman asked me, how much is my commission, to which I said "three and a half per cent." Silverman then said, "I will give you $1,000." Polow said "all right;" and

then Silverman said "go ahead and make the sale." On the same day Polow, the plaintiff, brought the intending purchaser to Mr. and Mrs. Silverman. They went down to Lawyer Appel's office, and the contract for the sale of the property between the Silvermans and Rosenberg was then executed. All this occurred two days after the original call by Mrs. Silverman and Polow. Two days after this transaction was completed, Polow served upon the Silvermans the notice setting forth the terms of the oral agreement for his commission under the act. *Pamph. L.* 1918, *p.* 1020. Title was never passed.

The statute by its terms gives the owner a right "to repudiate or terminate such agreement prior to 'the actual sale or exchange of the real estate,'" the statute reserving to the owner the right to terminate it by serving upon the broker a written notice to that effect, prior to the actual sale or exchange of the property by said agreement.

The Supreme Court in the case above cited held, the statute contemplates, that the written notice to be given by the broker must antedate, in its service, the sale or exchange of the property for, unless that is done, of course, it would be impossible for the owner, after receiving this notice, to repudiate or terminate the oral agrement prior to the actual sale or exchange of the property.

Under the construction of the statute by the Supreme Court, with which we concur, the statute of 1918 has no application to the facts of the present case. If this construction of the statute seems unfair to the broker, the statute having been intended to protect him, he could have protected himself, in this case, by having a written agreement with relation to his commission executed at the time of the agreement for sale.

Finding no error in the record the judgment of the Essex County Circuit Court is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.